In the Matter of CHARLES J. BOETTJER, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner

Second Department, July 13, 1970.

*Stanley F. Gordon* for petitioner.

*Charles J. Boettjer,* respondent in person.

*Per Curiam.* The petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues herein were referred for hearing and report. Originally, the petition set forth seven charges of professional misconduct against the respondent arising from complaints made by former clients of the respondent. At the hearing before Justice STARK, two of the charges were withdrawn by the petitioner. The report concludes that each of the five remaining charges was sustained.

One of such charges was that the respondent failed, for

approximately one year, to account for or to remit to the client the net proceeds of a collection made by him on the client's behalf, and failed to pay a personal bill which he owed to the client, an automobile service station owner.

In two other of such charges, it was alleged that the respondent failed to remit to the two clients involved, for long periods after their respective real estate closings, down payments received by him in escrow in their behalf as vendors.

Still another such charge was to similar effect, i.e., the respondent's failure, for more than five years after an abortive real estate closing, to remit to his client a down payment received by him in escrow in the client's behalf. It is further charged, in the interim, the respondent was " exceedingly derelict in his duty to his client in neglecting to represent * * * [the client] in a series of legal actions against . * * * [the client] 'as a result of respondent's failure to return the down payment ", which resulted in a default judgment against the client for the amount involved, in his client being adjudged in contempt of court, and in " irrevocable prejudice " to the client.

A final charge was that the respondent failed to arrange the deposit of infants' funds immediately after a sale of real property, resulting in the loss of interest for six and one-half years, made false statements as to the date of deposit, and failed to account.

The petition further alleged that, with respect to the sustained complaints, the respondent failed to co-operate with the petitioner's Grievance Committee in its investigation and hearing of the complaints.

The respondent failed to file an answer to the petition and to appear at the hearing before Justice STARK through counsel or otherwise, although in his present submission he does not deny that the original notice of motion and petition (verified June 3, 1969) were timely and personally served upon him by a deputy sheriff at a specific residence address in West Palm Beach, Florida, where he has resided since early in 1967. Nor does he deny that he received a copy of the order of reference and, ultimately, the notice of motion to confirm the report of Justice STARK. Instead, he claims that he had promptly retained an attorney friend to attend to the matter, who, because he " had been for a long while, seriously ill ", neglected to file an answer to the petition and failed to notify the respondent of any date for the hearings.

Upon ample oral testimony and numerous exhibits, Justice STARK found, and we agree, that the five charges were fully sustained by the proofs. Considering the nature and scope of the

respondent's derelictions, we find wholly untenable his present contentions as to each of the five sustained charges, which are based principally on restitution and the allegedly "voluntary" withdrawal of the complaints. Nor do we find any merit in his claim that he was "deprived of an opportunity to be heard and to defend" himself in regard to the charges. The history of this proceeding amply demonstrates that the respondent did not seriously intend to contest the charges against him at any stage thereof. In the interim, he applied for admission to the Bar of the State of Florida. The consequent inquiry revealed his practices in New York.

In our opinion, the respondent's conduct and actions show a complete lack of interest in his professional obligations and demonstrate that he lacks the character and fitness required to practice law. Accordingly, the petitioner's motion to confirm the report should be granted. The respondent is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of law, effective August 15, 1970.

CHRIST, P. J., RABIN, HOPKINS, MARTUSCELLO and LATHAM, JJ., concur.

Motion granted; and the report is confirmed. Respondent is adjudged guilty of serious professional misconduct; he is disbarred; and his name is ordered removed from the roll of attorneys and counselors at law, effective August 15, 1970.